**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CORY SYLVIA,

     Plaintiff - Appellant,

v.

DAVID TREVINO,

     Defendant - Appellee,

and

JAMES L. WISLER, XPRESSIONS, L.C.,

     Defendants.

No. 20-3065
(D.C. No. 2:13-CV-02534-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

This is a legal malpractice action. Appellant Cory Sylvia challenges the

district court's grant of summary judgment in favor of one of his former attorneys,

David Trevino. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND & PROCEDURAL HISTORY

Sylvia's longtime employer, The Goodyear Tire & Rubber Company, fired him on May 8, 2009.  Sylvia responded with an EEOC charge alleging disability discrimination, and he eventually received a right-to-sue letter.

On March 28, 2011, Sylvia retained Trevino and his law partner, James Wisler, to represent him in a lawsuit against Goodyear.  They agreed that they would sue on "one or more" of the following theories: "disability discrimination and FMLA [Family Medical Leave Act] violation/retaliation and Workers Compensation retaliation."  Aplt. App. at 21.

Trevino, on Sylvia's behalf, filed a complaint in the United States District Court for the District of Kansas on May 5, 2011, three days short of the two-year anniversary of Sylvia's termination.  The complaint alleged FMLA interference, disability discrimination in violation of the Americans with Disabilities Act (ADA), and discrimination in violation of the Kansas Act Against Discrimination.  It did not include a workers' compensation retaliation claim.  It did allege, however, that "[a]t the time he was terminated, [Sylvia] had workers' compensation issues pending with [Goodyear]."  *Id.* at 73.  It further alleged that Goodyear's "insurance carrier . . . approved Accident and Sickness benefits for [Sylvia] from April 2 to May 4[, 2009]."  *Id.* at 74.[1]

---

[1] We could locate nothing in the record confirming that these "Accident and Sickness benefits" equal workers' compensation insurance benefits.  But Trevino cites this language in the context of cataloging what the complaint against Goodyear said about workers' compensation, *see* Aplee. Response Br. at 12, and Sylvia

Wisler and Trevino began the process of dissolving their firm in July 2011, about three months after Sylvia filed his complaint against Goodyear. Sylvia elected to have Wisler represent him, instead of Trevino, so Wisler entered his appearance in the Goodyear lawsuit and Trevino withdrew on July 22, 2011.

Wisler, allegedly over Sylvia's objection, voluntarily dismissed the case without prejudice on July 26, 2011. He did so ostensibly because he believed that a recent award of disability benefits to Sylvia, retroactive to April 2009, gutted the case. He assured Sylvia that the case could be re-filed, if desired.

Sylvia retained new attorneys, who filed a new action against Goodyear in the District of Kansas in November 2011. That complaint alleged FMLA interference, FMLA retaliation, wrongful discharge in violation of the Employee Retirement Income Security Act, and disability discrimination in violation of the ADA. It did not allege workers' compensation retaliation because, according to Sylvia, "such a claim was never asserted in [the first lawsuit against Goodyear], and therefore the claim was time-barred." *Id.* at 23. Sylvia apparently had in mind a two-year limitations period that commenced on May 8, 2009 (the date of his termination) and expired on May 8, 2011, three days after the first lawsuit was filed.

The district judge in the second lawsuit granted a motion for judgment on the pleadings against Sylvia's ADA discrimination claim, reasoning it had become

nowhere objects. Accordingly, we take it as undisputed that the insurance in question was workers' compensation insurance.

3

time-barred upon dismissal of the first lawsuit. Believing that his claims were now substantially less valuable, Sylvia settled with Goodyear in August 2012 for $12,000.

In October 2013, Sylvia filed the lawsuit now at issue, alleging legal malpractice against Trevino, Wisler, and Wisler's new law firm (Xpressions, L.C.) for failure to bring a workers' compensation retaliation claim.[2] The District of Kansas exercised diversity jurisdiction over the suit because Sylvia had by then moved out-of-state, while defendants remained in Kansas.

Following discovery, Trevino—but not Wisler or Xpressions—moved for summary judgment. Trevino argued that he did not proximately cause Sylvia's alleged injury because (i) Wisler succeeded him in the first lawsuit against Goodyear, (ii) Wisler could have moved under Federal Rule of Civil Procedure 15(c)(1)(B) (regarding relation back) to add the relevant claim, but (iii) Wisler instead dismissed the complaint.

The district court agreed. It first found it "uncontroverted that the statute of limitations for a workers' compensation retaliation claim ran on May 8, 2011, two years after Goodyear fired Sylvia." *Sylvia v. Wisler*, No. 13-02534-EFM, 2019 WL 1384296, at *4 (D. Kan. Mar. 27, 2019). But Sylvia filed his original complaint against Goodyear on May 5, 2011, so if a workers' compensation retaliation claim could relate back to that date, it would be timely. The court then found that relation

---

[2] Sylvia also pleaded a breach of contract claim, against which the district court granted summary judgment, and we affirmed. *See Sylvia v. Wisler*, 875 F.3d 1307, 1328–34 (10th Cir. 2017). In the same opinion, we reversed the district court's dismissal of the legal malpractice claim—the claim now at issue. *Id.* at 1326–28.

back would have been proper under the circumstances, and Wisler had the last opportunity to move to amend, following Trevino's withdrawal.

Establishing that Wisler had the last opportunity to amend does not necessarily mean that he alone could be liable for failing to so move. On this issue, the district court analyzed Kansas state-court decisions about legal malpractice causation when successive attorneys each had the opportunity to avert the injury. The district court found that *Knight v. Myers*, 748 P.2d 896 (Kan. Ct. App. 1988), was most closely analogous. *Knight* held that "[a]n attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action." *Id.* at 902 (internal quotation marks omitted). Applying this principle to the opportunity to file a relation-back motion to amend, the district court held that "Trevino cannot be held liable for failing to file a workers' compensation retaliation amendment because he stopped representing Sylvia and was replaced by other counsel before [the case terminated via voluntary dismissal]." *Sylvia*, 2019 WL 1384296, at \*7. Wisler's acts and omissions were therefore "an efficient intervening cause that nullifies proximate causation between Trevino's alleged negligence and Sylvia's injuries." *Id.*

Although this would have been enough to grant summary judgment for Trevino, the district court found a second, independent reason to rule in his favor. In his summary judgment motion, Trevino noted that Sylvia's later attorneys did not file a workers' compensation retaliation claim in the second lawsuit against Goodyear,

5

implying that they might have successfully done so. The district court made the implication explicit, relying on Kansas's savings statute, which provides six months to re-file a claim that "fail[ed] . . . otherwise than upon the merits" if the statute of limitations expired while the claim was pending. Kan. Stat. Ann. § 60-518. The court found that the statute applied and Sylvia's later attorneys' failure to include a workers' compensation retaliation claim in the second lawsuit against Goodyear was another break in the causal chain, relieving Trevino of liability. *See Sylvia*, 2019 WL 1384296, at *7 ("Either event [Wisler's failure to move to amend or Sylvia's subsequent attorneys' failure to plead the claim] acts as an efficient intervening cause . . . ."). The court therefore granted summary judgment for Trevino.

The case proceeded to a jury trial against Wisler and Xpressions. Sylvia says that, at the close of his case, the district court "dismissed his claim against Xpressions, L.C., because it was no longer a viable entity." Aplt. Opening Br. at 2.[3] As between Sylvia and Wisler, however, the jury found for Sylvia and awarded him $638,000 in damages.

Following trial, the district court entered final judgment, and Sylvia timely appealed the summary judgment order in Trevino's favor. Wisler has not appealed.

---

[3] In support of this assertion, Sylvia cites page 15 of his appendix. *See* Aplt. Opening Br. at 2. That page contains generic minute entries about trial proceedings, but nothing specifically reflecting dismissal of Xpressions. In any event, Trevino does not contest Sylvia's account, so we accept it as accurate.

6

## II.    ANALYSIS

Sylvia challenges only part of the district court's summary judgment order, namely, the findings that (i) an amendment in the first lawsuit to insert a workers' compensation retaliation claim would have related back to the original complaint, and (ii) Sylvia's attorneys in the second lawsuit also could have brought the claim. This second issue is potentially irrelevant because the district court found that Wisler and the later attorneys were each an independent intervening cause. Sylvia does not challenge that ruling as to Wisler, so we take it is undisputed that *if* the district court ruled correctly regarding relation back, then *at least* Wisler's negligence cut off causation as to Trevino. In this light, we focus on the relation-back ruling, which we review de novo. *See Barnes v. United States*, 776 F.3d 1134, 1143 (10th Cir. 2015).[4]

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), as opposed to "a new ground for relief

---

[4] Finding that relation back would have been appropriate is not really the same as saying that the motion to amend would have succeeded. Relation back overcomes an argument that amendment would be futile because the proposed claim is time-barred. *See, e.g.*, *Valley Improvement Ass'n v. U.S. Fid. & Guar. Corp.*, 129 F.3d 1108, 1127 (10th Cir. 1997); *FDIC v. Grant*, 8 F. Supp. 2d 1275, 1288 (N.D. Okla. 1998). Amendment may still be denied for other reasons. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing reasons a court might deny amendment). But Trevino's relation-back argument at summary judgment implicitly assumed that availability of relation back equaled success in moving to amend, and Sylvia's response nowhere challenged that assumption. He never argued, for example, that there was some other barrier to amendment attributable to Trevino. Nor does Sylvia raise any such argument on appeal. We therefore say no more about the matter.

supported by facts that differ in both time and type from those the original pleading set forth," *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (internal quotation marks omitted).

We conclude that the hypothetical workers' compensation retaliation claim fits the plain language of the rule, *i.e.*, it "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). We reach this conclusion for two principal reasons.

First, the original complaint pleaded the existence of "workers' compensation issues" that were "pending" when Goodyear terminated Sylvia, Aplt. App. at 73, and further noted that Goodyear's carrier had approved benefits, *id.* at 74. *Cf. Rebarchek v. Farmers Coop. Elevator*, 35 P.3d 892, 899 (Kan. 2001) (stating the elements of a workers' compensation retaliation claim as (1) a workers' compensation claim or an eligible injury, (2) the employer's knowledge of the claim or injury, (3) termination, and (4) a causal connection between the claim/injury and the termination). Although the original complaint did not itself state a claim for workers' compensation retaliation, the basic factual predicate was there.

Second, the parties agree that the statute of limitations on the claim ran two years after Goodyear fired Sylvia.[5] In other words, the injury underlying Sylvia's other causes of action—termination—is the same injury underlying the potential workers' compensation retaliation claim. A workers' compensation retaliation claim

---

[5] We do not know what authority the parties rely on for a two-year statute of limitations. They cite none, nor could we find a citation in in the district court record.

8

therefore would have "ar[isen] out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Sylvia points us to *Hernandez v. Valley View Hospital Association*, 684 F.3d 950 (10th Cir. 2012), where we affirmed the district court's finding that a Title VII retaliation claim did not relate back to a previously pleaded discrimination claim, *see id.* at 961–62. *Hernandez* has obvious superficial appeal to Sylvia because it also involved retaliation and relation back, but the similarities end there. Importantly, the appellant "d[id] not argue" against the district court's ruling that "the retaliation claim raised new and discrete allegations that were not pled in her original complaint," so we never described the proposed amendment in greater detail. *Id.* at 962. The appellant instead argued that a mention of retaliation in her EEOC charge was enough. *Id.* We disagreed, reasoning that an EEOC charge is not an "original pleading" for Rule 15(c)(1)(B) purposes. *Id.*

In this light, *Hernandez* has very little to do with this case. It certainly does not establish a rule that retaliation claims cannot relate back.

Finally, perhaps alluding to our statement that a claim will not relate back if based on "facts that differ in both time and type from those [in] the original pleading," *Full Life Hospice*, 709 F.3d at 1018, Sylvia emphasizes that the original complaint provides no dates for his injuries or workers' compensation claims. He points us to no case, however, holding or suggesting that the need to supply dates for events mentioned or implied in the original complaint creates a difference in both

9

time and type.  In any event, the key date for this claim—the date of termination—*was* pleaded, although in support of other claims.

For all these reasons, we agree with the district court that an amended complaint asserting a workers' compensation retaliation claim would have related back to the original complaint.  Because Sylvia does not dispute that Wisler had an opportunity to amend after Trevino withdrew, nor that this opportunity breaks the causal chain, the district court correctly granted summary judgment in Trevino's favor.  We therefore do not reach the district court's application of the Kansas savings statute.

## III.   CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge